IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SECURITAS GmbH WERKSCHUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-255C |
| v. | ) | No. 07-256C |
| | ) | No. 07-257C |
| THE UNITED STATES, | ) | (Judge Sweeney) |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Securitas GmbH Werkschutz, and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609.

Defendant asserts that this Court has jurisdiction over its counterclaims pursuant to 28 U.S.C. § 2508 and the CDA.

b. Should the case be consolidated with any other case?

The parties propose that the complaints and counterclaims in Case Nos. 07-255C, 07-256C and 07-257C should be consolidated pursuant to RCFC 42. The parties agree that the Government counterclaim invoking the special plea in fraud, pursuant to 28 U.S.C. 2514, will only apply to the claims contained in case no. 07-255C. Upon consolidation, Securitas will dismiss that portion of the case relating to its allegations contained in the complaint for Case No.

07-256C.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties do not believe that consideration of a stay is appropriate because there is no case currently pending before any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

Currently, Securitas does not anticipate filing a motion for summary judgment pursuant to RCFC 56 due to the number of facts that will ultimately be disputed by the parties, including the level of control exerted over its performance of the contracts by U.S. Army personnel. Defendant anticipates filing a motion for summary judgment pursuant to RCFC 12(b)(6) and RCFC 56 because the allegations in the complaints fail to state claims upon which relief may be granted and because the Government is entitled to judgment upon its counterclaims as a matter of law.

h. What are the relevant factual and legal issues?

Plaintiff's Statement of Factual and Legal Issues

(1) Whether the contracting officer wrongfully recouped $2,349,576, which Securitas

allegedly over billed for services provided under the contract.

(2) Whether the Government is required to pay labor costs incurred due to requirements under German law for employees that Securitas terminated.

(3) Whether the Government is responsible for Securitas' costs of maintaining dogs and handlers in anticipation of services that were ordered by the Government and then subsequently cancelled by the Site Contracting Officer's Representative after Securitas had incurred the costs associated with the procurement and training of the dogs and their handlers.

(4) Whether during the period from 2002 through 2006, the U.S. Army issued orders and exercised control over the contracts that modified the respective contract's invoicing procedures.

(5) Whether the Government's allegations that the amounts invoiced by Securitas to the U.S. Army exceeded the information contained in Securitas' internal financial and accounting information by $14.5 million are correct.

Defendant's Statement of Factual and Legal Issues

(1) Whether during the period from 2002 through 2006, Securitas invoiced the Army for guard hours in excess of those actually worked, as reflected in the company's own payroll records, amounting to approximately $14.5 million.

(2) Whether as a result of knowingly presenting false claims to the Government, Securitas is liable to the Government for treble damages in the amount of approximately $43.5 million, plus penalties, as well as damages pursuant to the CDA and common law.

(3) Whether the Government is entitled to forfeiture of Securitas' claims in complaint No. 07-255 for corruptly practicing, or attempting to practice, fraud against the Government in the proof, statement, establishment or allowance of its claims, pursuant to 28 U.S.C. 2514 (special

plea in fraud).

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties currently intend to discuss settlement and/or ADR.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon dispositive motions, or that the case does not settle, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. If trial is required, the parties request that the trial be held in Germany because the majority of witnesses and documents are there.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs at this time.

l. Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other information of which the Court should be aware at this time.

m. Discovery

The parties propose that the Court stay discovery until it rules upon the Government's dispositive motions in Case Nos. 07-255C and 07-257C, which will be filed in the next 90 days. Once the Court rules on the Government's motions, the parties will file a Joint Status Report proposing a discovery schedule.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/John J. Pavlick, Jr.
JOHN J. PAVLICK, Jr.
Venable LLP
575 7th St., N.W.
Washington, DC 20004-1601
Tele: (202) 344-4000
Fax: (202) 344-8300

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Plaintiff

Attorneys for Defendant

Of Counsel:

PAUL A. DEBOLT
Venable LLP
575 7th St., N.W.
Washington, DC 20004-1601

STANLEY E. ALDERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

LISA M. SATTERFIELD
Captain, JA, U.S. Army
Litigation Attorney
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, Virginia 22203

Dated: April 11, 2008

CERTIFICATE OF FILING

I hereby certify that on this 11th day of April, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo